FILED

2025 Oct-22  AM 09:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **TAVARS DEWAYNE LYNCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:22-cv-0341-AMM-JHE** |
| | ) | |
| **MATTHEW WADE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff Tavars Dewayne Lynch filed a *pro se* amended complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Doc. 30. On August 27, 2025, the magistrate judge entered a report, Doc. 92, recommending the court grant the defendants' motions to dismiss Mr. Lynch's claims under 42 U.S.C. § 1997e(a) for failing to exhaust administrative remedies, Docs. 69, 87. Mr. Lynch filed timely objections to the report and recommendation. Docs. 95, 98.

In his objections, Mr. Lynch largely restates his claims. In addition, he contends that he "didn't understand any of the procedures of the Jail" because jail officials failed to provide him with a handbook, and he was not "educated on how to use the computer." Doc. 95 at 5.

Mr. Lynch's sworn amended complaint and the record contradict his assertions. As the magistrate judge noted, Mr. Lynch acknowledged in his amended

complaint that Calhoun County Jail had a grievance procedure, and it covered some or all of his claims. Doc. 30 at 12. In response to whether he filed a grievance about the claims asserted in the amended complaint, Mr. Lynch stated that he did not because the claims were "a private matter" and he was afraid of defendants Smith and Davis. Doc. 30 at 13. Mr. Lynch also confirmed in one of his grievances his understanding that he was required to go through the "proper channels" and "exhaust everybody [by] law, so when it gets to the highest person, he or she can't say that they [weren't] aware of the situation." Doc. 84 at 145. Moreover, the defendants attached over three hundred pages of Mr. Lynch's grievances, requests, and inquiries using the jail kiosk. Doc. 69. Mr. Lynch's assertions that he did not understand the grievance procedure or how to use the kiosk is contradicted by the record. Consequently, his objections on these grounds are **OVERRULED**.

Mr. Lynch further asserts that at the beginning of his incarceration in 2019, jail officials placed him in solitary confinement, or lockdown, for ninety days, and he did not have access to the jail kiosk to file grievances. Doc. 95 at 5, 7. The Calhoun County Jail's grievance procedure provides that grievances may be filed "at any time." Doc. 69-1 at 18. Mr. Lynch filed grievances beginning in December 2019, but he did not exhaust those grievances as the magistrate judge concluded. And while Mr. Lynch alleges other instances of lockdown while housed in the Calhoun County Jail, the record indicates that he continued to file grievances,

inquiries, and requests during those times. Doc. 30 at 9; Doc. 69-3 at 38, 259–63; Doc. 79 at 25, 28. Accordingly, Mr. Lynch's objections based on this ground are **OVERRULED**.

Lastly, Mr. Lynch contends that he was not required to file repeated grievances because the defendants' actions amounted to continuing violations. Doc. 98 at 1–2. Although a prisoner is "not required to initiate another round of the administrative grievance process on the exact same issue each time" a deprivation occurs, a prisoner must still "complete the administrative review process in compliance with the prison's grievance procedures, so that there is 'time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Parzyck v. Prison Health Servs. Inc.*, 627 F.3d 1215, 1219 (11th Cir. 2010) (quoting *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)). Here, Mr. Lynch did not exhaust any of the claims he alleges in his amended complaint. Consequently, Mr. Lynch's objection on this ground is **OVERRULED**.

After careful consideration of the record in this case and the magistrate judge's report, and Mr. Lynch's objections, Docs. 95, 98, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that the defendants' motions to dismiss pursuant to 42 U.S.C. § 1997e(a) based on Mr. Lynch's failure to exhaust his administrative remedies, Docs. 69, 87, are due

to be **GRANTED**, and the claims are due to be **DISMISSED WITHOUT PREJUDICE**.

A Final Judgment will be entered.

**DONE** and **ORDERED** this 22nd day of October, 2025.

**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE